12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Arthur BURCHETT, Defendant-Appellant.
 No. 93-5734.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1993.
 
 Before KENNEDY, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 William Arthur Burchett, a pro se federal prisoner, appeals a district court judgment denying his motion brought under Fed.R.Civ.P. 60(b) and 65, and denying his motion seeking a declaratory judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Burchett pleaded guilty to three counts in a four count indictment in which he was charged with conspiracy to commit armed bank robbery, armed bank robbery, aiding and abetting the armed bank robbery, and using and carrying a pistol during the robbery offense in violation of federal law. Burchett was sentenced to 181 months imprisonment and ordered to pay a special assessment and restitution.
 
 
 3
 After filing two prior motions to vacate sentence in the district court which were denied, Burchett then filed his motions for relief from judgment and for a declaratory judgment, claiming that the district court lacked subject matter and territorial jurisdiction to either indict, convict or sentence him for the above-mentioned crimes. The district court summarily denied Burchett's motions and this appeal followed.
 
 
 4
 Burchett's confusing and rambling brief on appeal is construed as arguing the same claims which he raised in the district court. He requests oral argument. He has filed a motion for counsel and bail pending appeal, and a "statement of subject matter jurisdiction."
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons set forth in the district court's order filed May 12, 1993. Burchett is not entitled to relief under Fed.R.Civ.P. 60(b) and 65 as these rules are not proper vehicles to challenge a criminal judgment on jurisdictional grounds.
 
 
 6
 The district court also properly declined to construe Burchett's motions as having been brought under 28 U.S.C. Sec. 2255. Burchett's notice of appeal from his criminal conviction and sentence deprived the district court of jurisdiction to grant Sec. 2255 relief in this matter. See United States v. Holloway, 740 F.2d 1373, 1382 (6th Cir.), cert. denied, 469 U.S. 1021 (1984).
 
 
 7
 As to Burchett's motion for declaratory relief, the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 and Sec. 2202, does not serve as a basis for federal question jurisdiction as the Act only creates a remedy and is not an independent basis for jurisdiction. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.1989). Neither does the All Writs Act, 28 U.S.C. Sec. 1651, operate to confer jurisdiction.
 
 
 8
 The district court also did not err in summarily denying Burchett's motions because his jurisdictional arguments are wholly without merit. Federal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. Sec. 3231; the permission of the states is not a prerequisite to exercise that jurisdiction. United States v. Sitton, 968 F.2d 947, 953 (9th Cir.1992), cert. denied, 113 S.Ct. 478 (1992), and 113 S.Ct. 1306 (1993). In addition, 28 U.S.C. Sec. 97(a) provides that the jurisdiction of the Eastern District of Kentucky covers various counties including Pike County, Kentucky (where Burchett's crimes were committed) and the question of ownership of property on which the offense occurred is not to be considered when the crime itself is specifically prohibited by federal criminal statutes.
 
 
 9
 Accordingly, we deny all pending motions and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.